Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000657
30-JUN-2015
08:26 AM

NO. CAAP-12-0000657

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WELLS FARGO BANK, N.A., AS TRUSTEE FOR STANWICH
MORTGAGE LOAN TRUST, SERIES 2010-3 ASSET-BACKED
PASS-THROUGH CERTIFICATES, Plaintiff-Appellee,
v.
LYLE PASION and JOANNA PASION, Defendants-Appellants,
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, DOE ENTITIES 1-50, and DOE
GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2749)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Defendants-Appellants Lyle and Joanna Pasion ("the Pasions") appeal from the Judgment filed on July 5, 2012 in the Circuit Court of the First Circuit ("Circuit Court").[1] This appeal arises from the court's order granting summary judgment in a foreclosure action against the Pasions in favor of Plaintiff-Appellee Wells Fargo Bank, N.A., as Trustee for Stanwich Mortgage Loan Trust, Series 2010-3 Asset-backed Pass-through Certificates ("Wells Fargo").

The Pasions raise five points of error on appeal, which we distill into three issues: (1) whether the Pasions' due process rights were violated by the Circuit Court's granting of summary judgment in favor of Wells Fargo; (2) whether the Circuit Court addressed the issues raised by the Pasions in their answer

_____

[1] The Honorable Bert I. Ayabe presided.

and counterclaim; and (3) whether Wells Fargo satisfied the requirements for summary judgment in its favor.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve the Pasions' points of error as follows and affirm:

(1) The Pasions argue that they were denied an opportunity to present evidence or to be heard in a timely manner. The Pasions' argument is unpersuasive, as they were able to present the issues in question before the court on three occasions prior to the issuance of the Findings of Fact; Conclusions of Law; Order Granting Motion for Summary Judgment as Against all Defendants and for Interlocutory Decree of Foreclosure, filed on July 5, 2012 ("FOF/COL"): a proposed answer and counterclaim attached to the February 13, 2012 motion to set aside the entry of default, the March 8, 2012 answer to the complaint and counterclaim, and the March 13, 2012 answer to the complaint and counterclaim. Additionally, the Pasions had at least two opportunities to argue the issues contained in those documents, including at the February 22, 2012 hearing on Wells Fargo's motion for summary judgment and the March 6, 2012 hearing on the Pasions' motion to set aside. Accordingly, the Circuit Court afforded the Pasions adequate procedural due process. *See Citicorp Mortgage, Inc. v. Bartolome*, 94 Hawaiʻi 422, 436, 16 P.3d 827, 841 (App. 2000) (holding that appellants were afforded due process when they were given notice and the trial court held a hearing on a motion for summary judgment and decree of foreclosure).

Moreover, we can not ascertain whether the Pasions were unable to present their issues before the court at the hearings on Wells Fargo's motion for summary judgment or the Pasions' motion to set aside, because the Pasions did not provide transcripts of either proceeding. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." *Bettencourt v. Bettencourt*, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (brackets in original) (quoting *Union*

*Bldg. Materials Corp. v. The Kakaako Corp.*, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)) (internal quotation marks omitted). "The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." *Id.* (quoting *Union Bldg. Materials*, 5 Haw. App. at 151, 682 P.2d at 87) (internal quotation marks omitted). Without the transcripts for either hearing, we can not determine that the Pasions were unable to raise their issues and arguments. *See id.* at 231, 909 P.2d at 559. Thus, the Pasions' procedural due process claim lacks merit.

(2) The Pasions contend that the Circuit Court erred when it issued its FOF/COL, "without adjudicating the defenses raised in the Answer and the issues raised in the Counterclaim." Additionally, the Pasions argue that the Circuit Court erred in declining to make findings or conclusions on any of those issues. In support, the Pasions cite to *Countrywide Home Loans Servicing, L.P. v. Stultz*, 832 N.E.2d 125 (Ohio Ct. App. 2005).

The Pasions' argument lacks merit. In contrast with *Stultz*, the Circuit Court addressed the Pasions' arguments regarding Wells Fargo's ability to foreclose in its FOF/COL. In Finding of Fact 2, the Circuit Court found that Wells Fargo was the valid owner and holder of the January 24, 2008 first mortgage ("Mortgage") and January 24, 2008 promissory note ("Note") executed by the Pasions in favor of Accredited Home Lenders, Inc. ("Accredited Home"), and that Wells Fargo was "the real party in interest entitled to foreclose on the said mortgage." Thus, the Circuit Court addressed the merits of the Pasions' claims through its findings. *See Arthur v. Sorensen*, 80 Hawaiʻi 159, 165-66, 907 P.2d 745, 751-52 (1995) (holding that the circuit court properly granted summary judgment when it "implicitly recognized" the "potential merit" of a claim in its findings).

Likewise, the Pasions' argument that the Circuit Court erred in not adjudicating issues regarding (i) the effect of Accredited Home's alleged bankruptcy and (ii) the ability of the mortgagee, Mortgage Electronic Registration Systems, Inc. ("MERS") to assign the Mortgage and Note lack merit. The

defenses and claims raised in the answer and counterclaim that the Pasions contend precluded the Circuit Court from granting Wells Fargo's motion for summary judgment were raised in the memorandum in opposition to the motion for summary judgment. Therefore, such defenses and claims were before the Circuit Court at the summary judgment hearing. *Cf. W. 90th Owners Corp. v. Schlechter*, 565 N.Y.S.2d 9, 12 (N.Y. App. Div. 1991) (discussing that amended pleadings that are identical to the arguments offered in opposition to summary judgment would be viable only if partial summary judgment were denied). There is nothing in the record indicating that the court did not consider the filings of the parties, and as discussed above, the Pasions failed to provide a transcript of the motion for summary judgment hearing. Therefore, in granting summary judgment in favor of Wells Fargo on its foreclosure complaint, the Circuit Court did not fail to adjudicate the defenses raised by the answer or the claims raised in the counterclaim that the Pasions contend precluded the grant of summary judgment.

(3) The Pasions appear to challenge the court's findings and the merits of its decision to grant Wells Fargo's motion for summary judgment. We review the grant or denial of a motion for summary judgment *de novo*. *Nuuanu Valley Ass'n v. City & Cnty. of Honolulu*, 119 Hawaiʻi 90, 96, 194 P.3d 531, 537 (2008).

In order to be entitled to summary judgment in a foreclosure action, the plaintiff is required to prove the following material facts: (1) that an agreement existed, (2) the terms of the agreement, (3) that the mortgagor defaulted under the terms of the agreement, and (4) that notice was given as required by the agreement. *Bank of Honolulu, N.A. v. Anderson*, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982).

Here, Wells Fargo established the absence of a genuine issue of material fact regarding all four elements required for summary judgment by attaching to the motion copies of the Mortgage and Note, evidence of the Pasions' default, and a notice of foreclosure. Moreover, the Pasions' memorandum in opposition to Wells Fargo's motion for summary judgment did not create a

4

material issue of fact regarding these elements.

To the extent that the Pasions contend that Wells Fargo did not own the Note, their argument lacks merit. This court has held that under Hawaii Revised Statutes ("HRS") § 490:3-205(b),[2/] a trial court does not err in finding that a plaintiff is the holder of a note when the plaintiff bears the note, a blank endorsement establishes that the plaintiff is the holder of the note, and there is a declaration stating that the note is a true and accurate copy of the note in the plaintiff's possession. *See Mortgage Elec. Registration Sys., Inc. v. Wise*, No. CAAP-11-0000444, 2012 WL 5971062, at *1 (Haw. Ct. App. Nov. 29, 2012), *aff'd on other grounds*, 130 Hawaiʻi 11, 304 P.3d 1192 (2013).

In the instant case, as in *Wise*, Wells Fargo provided evidence that it possessed the Note, the blank endorsement established that Wells Fargo could possess the note, and the motion for summary judgment attached a declaration establishing that the Note was a true and accurate copy of the note in Wells Fargo's possession. Therefore, the Circuit Court did not err in finding that Wells Fargo was the owner of the Note under HRS § 490:3-205(b).

Similarly, to the extent the Pasions challenge the ability of the mortgagee, MERS, to assign the Mortgage or the Note,[3/] their arguments are unpersuasive. In a similar case, this court has held that when the plain language of a mortgage establishes MERS as a nominee permitted to take action on behalf of the lender, it has "the authority to take any action required

---

[2/]    HRS § 490:3-205 provides:

> (b) If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement". When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

Haw. Rev. Stat. § 490:3-205 (2008).

[3/]    MERS was the original nominee for Accredited Home, the Pasions' lender. Under the Mortgage, the Pasions mortgaged, granted, and conveyed the property in question "to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale[.]" Under the terms of the Mortgage, the Note or a partial interest in the Note (together with the Mortgage) "can be sold one or more times without prior notice to Borrower."

of [the lender], including assigning the mortgage[.]" *Wells Fargo Bank, N.A. v. Yamamoto*, No. CAAP-11-0000728, 2012 WL 6178303, at *1 (Haw. Ct. App. Dec. 11, 2012), *cert. denied*, No. SCWC-11-0000728, 2013 WL 1437709 (Haw. Apr. 9, 2013); *cf. Lam v. JPMorgan Chase Bank NA*, No. 12-17753, 2015 WL 1088803, at *2 (9th Cir. Mar. 13, 2015) (holding that borrower's argument that MERS lacked authority to assign a deed of trust was foreclosed by borrower's agreement in the deed granting MERS the authority to "exercise all of the rights and interests of the lender", which "necessarily include[d] the authority to assign the deed of trust[.]" (quoting *Siliga v. Mortg. Elec. Registration Sys., Inc.*, 161 Cal. Rptr. 3d 500, 507 (Cal. Ct. App. 2013)).

Here, as in *Yamamoto*, the language of the Mortgage established that MERS was a nominee for Accredited Home and had the ability to transfer and convey the property. Accordingly, MERS had the authority to assign the Mortgage and Note to Wells Fargo, and the Circuit Court therefore did not err in making its findings.

The Pasions' related argument that an alleged bankruptcy involving Accredited Home invalidated the assignment also lacks merit. The Pasions did not show a genuine issue of material fact relating to bankruptcy that precluded summary judgment for Wells Fargo. In their memorandum in opposition, the Pasions argued that Accredited Home had entered Chapter 11 bankruptcy proceedings prior to the assignment from MERS to Wells Fargo, and that the assignment, therefore, was void because it was not performed by the liquidating trustee. Attached was a docket report for a case in the U.S. Bankruptcy Court for the District of Delaware involving the debtor "Accredited Home Lenders Holding Co."

The Pasions failed to offer specific facts connecting the alleged bankruptcy of Accredited Home Lenders Holding Co. to Accredited Home, establishing that any stay affected Accredited Home or its nominee, or demonstrating that the Pasions' Note and Mortgage were part of the bankruptcy estate. Even if we assume the first, nothing supports or even suggests the second or third. Thus, the Pasions failed to show a genuine issue of material

fact, and the Circuit Court did not err in granting summary judgment in favor of Wells Fargo. *See K.M. Young & Associates, Inc. v. Cieslik*, 4 Haw. App. 657, 664, 675 P.2d 793, 799 (1983) (holding that the non-moving party in a properly supported motion for summary judgment must respond by setting forth specific facts showing a genuine issue of material fact); *cf. Siliga*, 161 Cal. Rptr. 3d at 507 (affirming judgment in favor of MERS after noting that "Accredited's chapter 11 bankruptcy petition . . . relates to a reorganization and shows neither the company's death nor an incapacity to contract").[4/] *See Bank of New York Mellon Trust Co., Nat. Ass'n v. Timosan*, No. CAAP-12-0000865, 2014 WL 37886, at *4 (Haw. Ct. App. Jan. 6, 2014), *cert. denied*, No. 14-453, 2015 WL 132986 (U.S. Jan. 12, 2015) ("Assuming that Plaintiffs' mortgage loan was part of the lender's bankruptcy estate, the lender's filing of Chapter 11 bankruptcy permitted it to continue to operate its business in the ordinary course." (quoting *Pascual v. Aurora Loan Services, LLC*, Civil No. 10-00759 JMS/KSC, 2012 WL 2355531, at *6 (D. Haw. June 19, 2012) (internal brackets and quotation marks omitted)).

Therefore, the July 5, 2012 Judgment filed in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, June 30, 2015.

On the briefs:

R. Steven Geshell
for Defendants-Appellants.


Charles R. Prather and
Sofia Hirosane McGuire
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[4/]     The Pasions cite *Deutsche Bank Nat'l Trust Co. v. Williams*, No. Civ. 11-00632 JMS/RLP, 2012 WL 1081174 (D. Haw. Mar. 29, 2012) for the proposition that a pending bankruptcy invalidates an assignment. In *Williams*, however, the court held that the assignor "*could not* have validly assigned" a mortgage and note in January 2009, *subsequent to the confirmation of a liquidation plan* in July 2008. *Id.* at *3. Here, there is no evidence that a liquidation plan was ever confirmed.